**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JERMAINE DAVIS**, | |
| *Plaintiff,* | |
| **v.** | **Case No. 1:25-cv-3548-RCL** |
| **PROTECTION STRATEGIES, INC.**, *et al.*, | |
| *Defendants.* | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Before the Court is Defendant Protection Strategies, Inc.'s (PSI) motion to dismiss pro se Plaintiff Jermaine Davis's amended complaint. ECF No. 13. For the reasons that follow, the motion is **GRANTED**.

## I.   BACKGROUND

On August 22, 2025, Davis filed a pro se complaint in the Superior Court of the District of Columbia. *See* Compl., ECF No. 1-1. In the complaint, Davis alleges that his former employer, PSI, defamed him through statements made to "potential and active new employers." *Id*. at 7. Davis further alleges that, because of these statements, he suffered "loss of employment, hardship financially, hardship emotionally[,] and [a] professionally ruined . . . name." *Id*. at 9.

Davis served his complaint on PSI on September 15, 2025. *See* Notice of Removal ¶ 1, ECF No. 1. PSI removed Davis's complaint to this Court on October 3, 2025, under 28 U.S.C. § 1446(b). *See* Notice of Removal, ECF No. 1.[1] Soon thereafter, PSI moved to dismiss Davis's

---

[1] Davis is and was at the time the suit began a citizen of the District of Columbia. State Compl. at 7, ECF No. 1-1; Am. Compl. at 1, ECF No. 11. The defendant, PSI, is incorporated in Tennessee, and has its principal place of business in Knoxville, Tennessee. Exhibit 2, ECF No. 1-2. And Davis seeks damages "not less than $750,000." Am. Compl. at 4, ECF No. 11. The Court therefore has diversity subject-matter jurisdiction to hear this case. 28 U.S.C. § 1332.

complaint. ECF No. 5-1. On November 21, 2025, Davis filed a document styled "Motion for Hearing and to Continue Suit." ECF No. 7. PSI filed an opposition on November 28, 2025. ECF No. 8. On December 2, 2025, Davis filed an amended complaint. ECF No. 11.

Along with adding two new defendants, the amended complaint alleges that during Davis's tenure at PSI he was never disciplined or counseled for any misconduct and that, after his resignation, PSI "intentionally placed false and defamatory statements" in his "HR" file including that he "engaged in workplace misconduct; . . . had performance issues; . . . was insubordinate; . . . was unprofessional; [and] . . . was ineligible for rehire." *Id*. ¶¶ 3–5. Davis further alleges those statements were later sent to a prospective employer during a background investigation and, as a direct result, he was denied the position and suffered financial, emotional, and reputational harm. *Id*. ¶ 7. Based on these allegations, Davis claims defamation, false light invasion of privacy, negligent and intentional infliction of emotional distress, negligent misrepresentation, and tortious interference with prospective employment. *Id.* at 6–9.

## II.    LEGAL STANDARDS

### A. Rule 15

Rule 15 of the Federal Rule of Civil Procedure sets forth the requirements for amending or supplementing a pleading. Rule 15(a) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"A court may strike an amended complaint that was not filed with leave from the court." *Klusov v. Georgetown Univ.*, No. 24-cv-2587-RCL, 2025 WL 2377967, at *1 (D.D.C. Aug. 15, 2025).

2

**B. Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   DISCUSSION

Davis's complaint is dismissed because he has failed to allege the required elements of any of the asserted causes of action and has not properly effected service as to the newly added parties. But before reaching these issues, the Court begins by addressing whether it may consider Davis's amended complaint.

**A. Leave to File an Amended Complaint**

Under Rule 15 of the Federal Rules of Civil Procedure, Davis could amend his complaint as a matter of course no later than 21 days after serving it or, as relevant here, no later than 21 days after service of a Rule 12(b)(6) motion. PSI filed its first motion to dismiss on October 9, 2025, *see* ECF No. 5, meaning that Davis had until October 30, 2025, to file an amended complaint without first seeking PSI's consent or leave of the Court. But Davis did not file the amended complaint until December 1, 2025, *see* ECF No. 11, by which time either consent or leave of Court was required.

While the federal rules provide that leave to amend should be freely given when justice so requires, "Rule 15(a)—even as liberally construed—applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given."

*United States ex rel. Bailey v. Veterans Med. Transcription Servs., Inc.*, 2023 WL 7536185, at *8 (D.D.C. Nov. 13, 2023) (quoting *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014)). And even a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Hollingsworth v. Vilsack*, 2024 WL 4332118, at *14 (D.D.C. Sept. 27, 2024) (quoting *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012)).

Here, no such request was made. However, the Court is disinclined to toss Davis's complaint out on this technicality, given his pro se status. The Court therefore treats the amended complaint as if it is properly before the Court for consideration and dismisses it on other grounds.

## B. Service of Process

The amended complaint names two additional defendants who have not been served: Erica Edmondson and Jessica Pritchett. Am. Compl., ECF No. 11. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). PSI raised the fact that Edmondson and Pritchett had not been served in its second motion to dismiss. ECF No. 13-1 at 6. Because Davis has not sought to effectuate service in the six months since PSI filed its motion alerting him to this issue, the Court would elect to dismiss the claims against these defendants without prejudice, rather than order that service be made by a specific date, were these claims not dismissed on their merits.

## C. Davis's Claims Fail on Their Merits.

Procedural missteps aside, the amended complaint is dismissed with prejudice because it (along with the original complaint) fails on the merits. As mentioned, Davis claims defamation, false light invasion of privacy, negligent and intentional infliction of emotional distress, negligent

4

misrepresentation, and tortious interference with prospective employment.  Yet the allegations in the complaint fail to support any of these claims.[2]

### 1. Defamation

To state a claim for defamation, Davis must plausibly allege "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C. 2005) (quoting Cro*wley v. N. Am. Telecomms. Ass'n*, 691 A.2d 1169, 1173 n.2 (D.C. 1997)).  But in neither his original complaint nor the amended complaint has Davis plausibly alleged that PSI made a defamatory statement.

Defamatory statements "must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Franklin v. Pepco Holdings, Inc.*, 875 F. Supp. 2d 66, 74 (D.D.C. 2012) (quoting *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1091 (D.C. Cir. 2007)); *see also Benic v. Reuters Am., Inc.*, 357 F. Supp. 2d 216, 222 n.4 (D.D.C. 2004) (in the context of a defamation claim, "believing that an individual did 'something wrong' is distinct from thinking that the individual was 'odious, infamous, or ridiculous'" (quoting *Howard Univ. v.*

---

[2] Federal courts sitting in diversity must apply the conflicts of law rules of the state or territory in which they sit. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496–97 (1941).  This means that the Court must apply the District of Columbia's choice of law rules.  However, given that the parties cite D.C. substantive law in the complaints and briefs, they "seem to agree that District of Columbia law applies."  *Marshall v. Allison*, 908 F. Supp. 2d 186, 195 (D.D.C. 2012).  Davis's amended complaint indicates that he "worked for PSI in Washington, D.C.," Am. Compl. at 7, ECF No. 11, meaning "the alleged tortious conduct occurred here."  *Marshall*, 908 F. Supp. 2d at 195.  "If one of the parties had sought to apply foreign law, that party would have had the burden of establishing the content of the law of the foreign jurisdiction," but "[i]n the absence of such proof, a court presumes that the foreign law is the same as the local law and thus that there is no conflict."  *Id.*

*Best*, 484 A.2d 958, 989 (D.C. 1984)).  The statements that Davis alleges are defamatory—that he "engaged in workplace misconduct; . . . had performance issues; . . . was insubordinate; . . . was unprofessional; [and] . . . was ineligible for rehire"—do not rise to the level of being odious, infamous, or ridiculous.

What's more, an employer "who in the regular course of business is asked by a prospective employer . . . for information concerning a person is entitled to the defense of qualified privilege" even if the employer's "reply would otherwise be regarded as defamatory."  *Robertson v. Dist. of Columbia*, 269 A.3d 1022, 1032 (D.C. 2022) (quoting *Smith v. Dist. of Columbia*, 399 A.2d 213, 220 (D.C. 1979)).  When "the existence of such a privilege is apparent from the face of the complaint, to state a claim and withstand a motion to dismiss, the complaint must 'plead facts which, if true, would demonstrate that defendants had lost the privilege by making statements with actual malice.'"  *Id*. at 1032 (quoting *Issaenko v. Univ. of Minnesota*, 57 F. Supp. 3d 985, 1033 (D. Minn. 2014)).

While Davis's amended complaint asserts that PSI's alleged statements were "malicious" and "made with reckless disregard," Am. Compl. at 7, ECF No. 11, he provides no factual support for that assertion.  Such a conclusory assertion of malice is insufficient to plausibly allege that PSI has lost its privilege.  As such, neither complaint successfully pleads that PSI published a defamatory statement without privilege to a third party.

### 2.  False Light Invasion of Privacy

To prevail on a false light claim under District of Columbia law, Davis must demonstrate that (1) "the published material places [him] in a false light which would be highly offensive to a reasonable person," and (2) PSI "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [Davis] would be placed."  *Jankovic v. Int'l*

6

*Crisis Grp*., 494 F.3d 1080, 1092 (D.C. Cir. 2007) (quoting *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001)) (internal quotation marks omitted). Under D.C. law, "a plaintiff may not avoid the strictures of the burdens of proof associated with defamation by resorting to a claim of false light invasion." *Klayman v. Segal*, 783 A.2d 607, 619 (D.C. 2001) (quoting *Moldea v. New York Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994)). Where both claims rest on the same allegations, they are "analyzed in the same manner." *Blodgett v. Univ. Club*, 930 A.2d 210, 222–23 (D.C. 2007); *see also Klayman*, 783 A.2d at 619 (dismissing plaintiff's false light invasion of privacy claim because the court found plaintiff failed to plead the elements of a defamation claim). Davis's false-light claim rests on the same facts as his defamation claim, Am. Compl. at 7–8, ECF No. 11, and as such, it fails for the same reasons.

### 3. Negligent Infliction of Emotional Distress

To state a claim for negligent infliction of emotional distress, Davis must prove (1) that PSI "acted negligently," (2) that he either suffered a physical impact or was "within the zone of danger of" PSI's actions, and (3) that he "suffered emotional distress that was serious and verifiable." *Johnson v. Metro. Direct Prop. & Cas. Ins. Co.*, 2018 WL 4964504, at *4 (D.D.C. Oct. 15, 2018) (quoting *Wright v. United States*, 963 F. Supp. 7, 18 (D.D.C. 1997)) (internal quotation marks omitted). This cause of action is based on "physical harm," meaning Davis must show he feared for his physical safety because of PSI's conduct. *Asare v. LM-DC Hotel, LLC*, 62 F. Supp. 3d 30, 34 (D.D.C. 2014). Because Davis has made no such allegation, he has failed to state a claim for negligent infliction of emotional distress.

### 4. Intentional Infliction of Emotional Distress

To plead the tort of intentional infliction of emotional distress, a plaintiff must allege: "(1) extreme and outrageous conduct on the part of the defendant, which (2) intentionally or recklessly

7

(3) causes the plaintiff severe emotional distress." *Smith v. United States*, 843 F.3d 509, 515 (D.C. Cir. 2016) (quoting *Minch v. Dist. of Columbia*, 952 A.2d 929, 940 (D.C. 2008)). To be extreme and outrageous, the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Armstrong v. Thompson*, 80 A.3d 177, 189 (D.C. 2013) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1312 n.10 (D.C. 1994)).

As the D.C. Court of Appeals has observed, "it is customary for prospective employers to inquire about a prospective employee's work performance," and a prior employer's "bare statement" that the plaintiff "failed to demonstrate satisfactory performance" is "neither extreme nor outrageous." *Robertson*, 269 A.3d at 1033. Because Davis has alleged nothing more than negative statements regarding his performance and professionalism at work, he has failed to allege extreme or outrageous conduct on PSI's part.

### 5. Negligent Misrepresentation

To state a claim for negligent misrepresentation, Davis must allege: "(1) [PSI] made a false statement or omission of a fact; (2) the statement was a violation of a duty to exercise reasonable care; (3) the false statement or omission involved a material issue; (4) [Davis] reasonably relied to their detriment on the false information; and (5) [PSI's] challenged conduct proximately caused injury to [Davis]." *Parnigoni v. St. Columba's Nursery Sch.*, 681 F. Supp. 2d 1, 31 (D.D.C. 2010). This cause of action is unsupported by the facts in the complaint because Davis has not alleged that he relied on the purportedly false information in his HR file. *See Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1131 (D.C. 2015) ("[A] plaintiff alleging negligent misrepresentations or omissions still must allege facts indicating that he relied on the defendant's misrepresentation or omission to his detriment."). This claim fails as a matter of law.

8

### 6.  Tortious Interference

Lastly, Davis claims tortious interference with prospective employment.  "To make out a prima facie case of tortious interference," under D.C. law, a "plaintiff must demonstrate: '(1) existence of a valid contractual or other business relationship; (2) the defendant's knowledge of the relationship; (3) intentional interference with that relationship by the defendant; and (4) resulting damages.'"  *Havilah Real Prop. Servs., LLC v. VLK, LLC*, 108 A.3d 334, 345–46 (D.C. 2015) (quoting *Onyeoziri v. Spivok*, 44 A.3d 279, 286 (D.C. 2012)).

"This particular tort contemplates generally an interference with prospective contractual or business relations."  *Carr v. Brown*, 395 A.2d 79, 84 (D.C. 1978).  It does not apply when the defendant allegedly interfered with a future at-will employment opportunity.  *See McManus v. MCI Commc'ns Corp.*, 748 A.2d 949, 957 (D.C. 2000) ("This court never has held that an employee can maintain a suit for interference with prospective advantage where her expectancy was based on an at-will relationship, and we do not do so now."); *see also Vitikacs v. Am. Legion*, No. 2-cv-10202, 2003 WL 22004935, at *6 (D.C. Super. Ct. June 8, 2003) (dismissing tortious interference claim because, under D.C. law, "such a claim cannot be predicated upon . . . at-will employment status").

The complaint does not provide much detail on the employment opportunity Davis allegedly lost out on due to PSI passing along the information in his HR file.  All the complaint says is that Davis "was denied a federal position" following a background investigation conducted by "a prospective federal employer."  Am. Compl. at 7, ECF No. 11.  While the Court is inclined to infer that the "position" was at-will in nature, it is enough to say that these threadbare facts are insufficient to plausibly allege the type of contractual or business relationship necessary to make out a tortious-interference claim under D.C. law.

## IV.    CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED WITH PREJUDICE**;

it is further **ORDERED** that Davis's motion for a hearing is **DENIED AS MOOT**; and it is further

**ORDERED** that this case is hereby **TERMINATED** from the dockets of this Court.


Date: _____ *June 13, 2026*

Royce C. Lamberth
United States District Judge